IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN S. STRAKO, | ) | |
| | ) | 06CV3560 |
| Plaintiff, | ) | JUDGE NORGLE |
| | ) | MAGISTRATE LEVIN |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | Trial by Jury Demanded |
| | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

FILED

JUN 3 0 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Now comes the Plaintiff Kevin S. Strako, by and through his attorney James T. Foley and Farina, and for his Complaint against the Defendant CSX Transportation, Inc. (hereinafter CSXT), states as follows:

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code § 56, Title 28 U.S. Code § 51, et seq.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employees Liability Act, 45 U.S. Code § 51, et seq.

3. On July 12, 2003, at or about 5:00 a.m., and at all pertinent times, Defendant CSXT was a Railroad Corporation doing business in the State of Illinois.

4. On July 12, 2003, at or about 5:00 a.m. and at all pertinent times, Defendant CSXT owned and operated a railroad in Interstate Commerce.

5. On July 12, 2003, at or about 5:00 a.m. and at all pertinent times, Plaintiff Kevin S. Strako was employed by Defendant CSXT as a freight conductor.

6. On July 12, 2003, at or about 5:00 a.m. and at all pertinent times, Defendant CSXT owned, managed, maintained and/or used as a part of its railroad system an area of track at Milepost 107, in an area identified as the Woodland Subdivision at or around Rossville, Illinois.

7. On July 12, 2003, at or about 5:00 a.m. and at all pertinent times, Plaintiff Kevin S. Strako was performing work for Defendant CSXT in connection with or in furtherance of Defendant's business of Interstate Commerce and Transportation.

8. In the course of his duties as a freight conductor and July 12, 2003 at or about 5:00 a.m. in the area at Milepost 107, at or near the Woodland Subdivision, in or around Rossville, Illinois, Plaintiff was required to walk his train, along the right of way, and required to traverse an area overgrown with grass and weeds, covered with debris strewn about and large, uneven, untamped ballast.

9. On July 12, 2003, at or about 5:00 a.m., while Plaintiff was attempting to walk his train at or about Milepost 107 at or near the Woodland Subdivision, Rossville, Illinois, he was cause to trip, fall, and severely and permanently injure his right ankle, foot, leg and body as a result of the high, overgrown weeds and grass, hidden debris and large, uneven, untamped ballast also hidden by the overgrowth.

10. It was the continuing duty of Defendant CSXT as Plaintiff's employer, at the time and place in question, to use ordinary care under the circumstances to furnish Plaintiff with a reasonably safe place to work, with a reasonably safe work environment, with safe walkways, and to keep such a place of work in a reasonably safe condition.

11. In violation of its duty, Defendant CSXT negligibly and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

a) Failed to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work;

b) Failed to exercise ordinary care to use reasonably safe methods in its maintenance and repair of its tracks, walkways, right-of-way, and property;

c) Failed to properly inspect, maintain, and process its roadbed, ballast, vegetation, and properties so that the same became hazardous to the safe footing of its employees;

d) Failed to properly warn the Plaintiff that there was a tripping hazard in his workplace;

e) Failed to properly illuminate Plaintiff's work area;

f) Negligibly and carelessly caused unsecured ballast, debris, overgrown vegetation to surround an area that Defendant knew Plaintiff was required to work in;

g) Negligibly and carelessly failed to repair and fill holes, properly tamp ballast, clean and clear debris, and properly maintain and cut back overgrown vegetation from its walkways and right-of-ways;

h) Violated certain regulations, standards and requirements in force or prescribed by the Secretary of Transportation through the FRA;

i) Negligibly and carelessly failed to control vegetation along its property so same became hazardous to Plaintiff in violation of 49 CFR § 213.37 (c) and (e);

j) Was otherwise careless and negligent in failing to provide Plaintiff with a safe place to work.

12. Defendant's failure to provide Plaintiff with a safe place to work by one ore more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injury.

13. As a consequence, Plaintiff incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has and will in the future be kept from attending to his ordinary affairs and duties and

3

has lost and will lose great gains which he otherwise would have made and acquired; as a further consequence will incur additional medical, hospital and related expenses in the future.

14. Plaintiff demands Trial by Jury.

WHEREFORE, Plaintiff Kevin S. Strako demands judgment in his favor and against Defendant CSXT in a sum in excess of $100,000 plus the costs of this suit.

                                                  Respectfully Submitted,

                                                  Kevin S. Strako

By: _____
      Attorney for Plaintiff

James T. Foley
Hoey & Farina
542 South Dearborn Street, Suite 200
Chicago, IL 60605
(312) 939-1212
(312) 939-7842
JFoley@hoeyfarina.com

4